# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-05601 MMM (Ex) | Date | September 9, 2008 |

| | |
|---|---|
| Title | *Zhongshan Hoikam Garment Co., Ltd. v. Rand Int'l Acquisition LLC* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction**

On August 26, 2008, plaintiff Zhongshan Hoikam Garment Co., Ltd filed a complaint against defendant Rand Int'l Acquisition LLC for breach of contract, unjust enrichment, common count: goods and services rendered, and common count: money had and received. Plaintiff asserts that the court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 472 & n.3 (1996). For diversity purposes, a partnership is treated as a citizen of each state in which any partners or members are citizens. See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987). The citizenship of a limited liability company (LLC) for diversity purposes is determined in the same manner as that of a partnership, in that an LLC is a citizen of each state of which one of its members is a citizen. See *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1101 (C.D. Cal. 2002).

Here, the complaint alleges that "Defendant Rand International is and was a limited liability company incorporated under the laws of the State of New York and has its principal place of business in

. . . New York, therefore Defendant Rand International is a citizen of the State of New York."[1]  The Complaint, however, does not allege the *citizenship* of any of the individual members of defendant Rand International Acquisition LLC.  As a result, the court is unable to determine whether there is complete diversity of citizenship between all plaintiffs and all defendants.

Accordingly, the court orders plaintiff to show cause, on or before **September 19, 2008**, why the court should not dismiss the case for lack of subject matter jurisdiction.

---

[1]Complaint, ¶ 7.